Curia, per
Nott, J.
I have no doubt of the power of the court or equity to restrain a tenant for life from committing waste, or to require him to give security to have personal property forthcoming at the termination *of the life estate. A tenant for life is considered in the nature of a trustee for those in remainder, and the court rnay therefore take all the necessary steps to prevent or restrain an abuse of his trust. And when a person purchases, with a knowledge of the situation of the property, he takes it coupled with the trust, and will be considered as standing in the same relation to the party. But it is not even alleged in this case that the defendant, at the time he made the purchase, knew that the vendor had only a life estate : and he positively denies in his answer that he had any such knowledge But nevertheless if he had the specific property now in his possession and there was no reason to apprehend that he was about to remove it out of the limits of the State, I have no doubt that, even in that case, the court would subject the defendant to such terms as would render the complainant secure : but the defendant, in his answer, swears that he had parted with the property long before the bill was filed ; he cannot therefore be required to give security to produce the property itself and that is all the complainant requires. The decree therefore goes beyond the prayer of the bill, in giving to the complainant what he does not ask. But it does not appear to me, that if they had specifically prayed for the relief which has now been granted, that it ought to have been allowed. A person who has purchased a life estate may sell it again, unless restrained, while the property is in his actual possession; and he cannot be made answerable for the act of another over whom he has no control. And it docs not appear to me, that he can be made liable for property which thus passes through his hands, But even admitting that he may be ultimately liable, still I do not think that the complainants have made out a case which entitles them to the relief that is sought for. They do not pretend that they are in danger of suffering by the insolvency of the defendant, or otherwise. *0n the contrary, they state that ho is wealthy. There is no reason to apprehend, that he is about to remove away or dispose of his property. If he is responsible at all, he will continue to be so when their right accrues. Besides I do not see anything in this case to entitle the complainants to any particular favor. Their ancestor, in the first place, fraudulently imposed upon this defendant in the sale of the property. Thirty years have elapsed, and no steps have been taken to compel him to perform his trust : and now an attempt is made to make this defendant liable for his fraud. And it is further to be remarked that the bill is now filed by one who admits that he has purchased upon speculation, and has undertaken to maintain the suit for one half of what he can recover. I do not think there *423 fore that he comes with very strong claims upon the discretion of this court, to afford him this extraordinary remedy, which should be allowed in any case with extreme caution. I am of opinion therefore that the decree ought to be reversed.
I observe that the bill also claims a discovery, and prays for the perpetuation of testimony. And it is stated that there is an amended answer which is not before us. Whether those matters furnish any ground for retaining the bill I do not know. Of that the chancellor must judge, if they do, let the bill he retained until those questions shall be disposed off; if not, let it be dismissed with costs.

Decree reversed.